Argued and submitted October 21, 1991, award of attorney fees and costs vacated; remanded in part for reconsideration; otherwise affirmed July 1, 1992

In the Matter of the Marriage of

Sylvia McKENZIE,
*Respondent,*
*and*

Robert McKENZIE,
*Appellant.*

(CV 88-67; CA A66629)

833 P2d 1338

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Dennis Hachler, Pendleton, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals the judgment of dissolution and contests, principally, the property division. We review *de novo*.

The parties were married in 1970, and wife filed a petition for dissolution in 1988. There are no children born of the marriage, and neither party requested spousal support. The marital estate includes 18 parcels of real property, most of which produce rental income. Twelve of the properties were acquired during the marriage; four were brought to the marriage by husband; one was premarital property owned by wife; and one was inherited during the marriage by husband. The court divided the real property without regard to when it was acquired or by whom. The court gave wife an equalizing judgment.

Husband makes four assignments. The first is that the court erred in awarding wife costs and attorney fees without holding a hearing on his objections to the cost bill. Wife concedes that the court erred, and we accept that concession.

Husband next assigns error to the court's valuation of one parcel of real property awarded to wife. She agrees that the court made a mathematical error and that the value of the S.W. Hailey property should be $33,690, not $22,705. We accept the concession. The amount awarded to wife as an equalizing judgment shall be reduced to $7,766.

■  Husband's third assignment is that the court erred in dividing the 18 properties equally, rather than awarding each party the property brought into the marriage or inherited and then equally dividing the remaining 12 parcels. He cites a number of cases that dealt with the division of premarital or inherited property in the way that he suggests. Wife cites cases that arrive at different results. However, the decisions in those cases depended, not on fixed legal principles, but on an overall assessment of the particular facts in the light of the overriding guidelines that marital property is to be distributed in a manner that is just and proper under all the circumstances. ORS 107.105(1)(f).

The parties completely merged the properties that they each brought into the marriage with those acquired during the marriage. The income from all of the rentals was deposited in a single account, and the expenses for maintaining the properties were paid from that account. The net income was used for general family expenses. For nearly 20 years the parties worked to build up their assets in the form of rental properties. We conclude that, under all the circumstances, it was just and proper to divide the properties equally.

■        Husband's last assignment is that the court erred in giving wife a judgment to reimburse her for a debt secured by one of the properties that she was awarded. Wife had initially obtained a default judgment on her petition for dissolution. Husband later moved to set the judgment aside and, when the motion was denied, he appealed to this court. While that appeal was pending, the contract sellers of one of the properties foreclosed the contract because husband did not make the contract payments. The appeal was later dismissed by the appellant, the default judgment was set aside and the case was set for trial. The parties then redeemed the foreclosed property by borrowing $27,000 on a note secured by another parcel of property that was awarded to wife by the present judgment. The trial court concluded that husband's actions precipitated the foreclosure action and increased the debt on properties awarded to wife. It gave her a judgment for approximately $11,000 to cover the additional encumbrance on her property. We agree with the findings of the trial court that husband's conduct increased the debt burden on property given wife. It is fair and equitable that he should shoulder the financial burden he produced.

Award of attorney fees and costs vacated; remanded for reconsideration of attorney fees and costs and for modification of judgment not inconsistent with this opinion; otherwise affirmed. No costs to either party.